Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| VON HEIDL QOF 2, LLC **Apelante**<br><br>V.<br><br>CONSEJO DE TITULARES CONDOMINIO CARIBBEAN SEA VIEW **Apelado** | KLAN202401076 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm. SJ2022CV07565 Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de enero de 2025.

El 2 de diciembre de 2022, Von Heidl QOF 2, LLC (Von Hiedl o apelante) compareció ante nos mediante *Apelación* y solicitó la revocación de una *Sentencia* que se dictó y notificó el 30 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Moción de Desestimación por Falta de Jurisdicción* que presentó el Consejo de Titulares del Condominio Carribean Sea View (Consejo o apelado). En consecuencia, desestimó la *Demanda* incoada por Von Heidl.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

I.

El 22 de agosto de 2022, Von Heidl presentó una *Demanda* sobre cobro de dinero y daños y perjuicios en contra del Consejo.[1] En primer lugar, indicó que era titular del apartamento 2700 en el Condominio Sea View. Luego relató una serie de gestiones que realizó para que el Consejo de dicho condominio realizara unas

---
[1] Íd., págs. 1-14.

obras de reparación en las ventanas y otras áreas estructurales comunales en el piso 27. Afirmó que dichas gestiones fueron infructuosas. Así pues, sostuvo que ello lo obligó a sufragar el costo de dichas obras a pesar de que las reparaciones estructurales eran elementos comunales por lo cual eran responsabilidad del Consejo costearlas. Alegó que el Consejo no había formulado ningún plan para reembolsar el dinero adeudado. Ante ello, reclamó al apelado el pago de $100,000.00 por los gastos presuntamente incurridos en los arreglos de las ventanas y demás elementos comunales asociados al piso 27. Por otro lado, indicó que el retraso por parte del Consejo para realizar las reparaciones antes expuestas había provocado la privación de alquiler y del uso y disfrute del apartamento. En vista de ello, argumentó que el apelado le adeudaba la cantidad de $690,000.00 por concepto de daños.

En respuesta, el 17 de enero de 2023, el Consejo presentó su *Contestación a Demanda y Reconvención.*[2] En esta, negó la mayoría de las alegaciones en su contra y como parte de sus defensas afirmativas alegó falta de jurisdicción por la parte apelante no haber agotado remedios administrativos. Por otro lado, en su Reconvención, reclamó honorarios de abogados por temeridad y daños por los gastos incurridos en contestar la Demanda presentada que, a su juicio, era innecesaria. El 29 de enero de 2023, la parte apelante presentó una *Contestación a Reconvención* en la cual se limitó a expresar que la reconvención dejaba de exponer hechos que justificaran la concesión de un remedio.[3] Atendida la *Reconvención* presentada, el 30 de enero de 2023, el TPI dictó y notificó una *Sentencia Parcial* mediante la cual

---

[2] Íd., págs. 28-40.
[3] Íd., págs. 41-42.

desestimó la *Reconvención* al amparo de la Regla 10.2 (5) de Procedimiento Civil, R. 10.2.[4]

Luego de varios trámites procesales, el 29 de agosto de 2024, el Consejo presentó una *Moción de Desestimación por Falta de Jurisdicción*.[5] En esta sostuvo que, la reclamación de la parte apelante trataba de una impugnación de la presunta inacción por parte del Consejo en proveer los fondos necesarios para la reparación de las ventanas y otras áreas estructurales comunales del piso 27. Además, planteo que el Condominio Sea View era de uso mixto en el cual algunos inmuebles eran destinados a uso residencial y otros a uso comercial. De igual forma, resaltó que la parte apelante demostró que no tenía ningún tipo de deuda con el Consejo. En virtud de lo anterior argumentó que la jurisdicción exclusiva y primaria del presente pleito era del Departamento de Asuntos del Consumidor (el DACo) conforme lo establecía el Art. 65 de la Ley Núm. 129-2020, según enmendada, mejor conocida como *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1923j (Ley Núm. 129-2020). Así pues, indicó que procedía la desestimación de la causa de acción presentada.

En respuesta, el 10 de marzo de 2024, Von Heidl presentó una *Oposición a Moción Solicitando Desestimación*.[6] En síntesis, sostuvo que el TPI tenía jurisdicción para atender el presente pleito ya que la parte apelada había presentado varios pleitos en su contra y la Regla 23 del Reglamento de Condominios Núm. 9386 que se aprobó el 6 de junio de 2022 excluía de la jurisdicción del DACo los casos en los que el Consejo presentaba una reclamación contra un titular. Por otro lado planteo que, las causas de acciones presentadas en la demanda no eran dirigidas a impugnar ninguna acción u omisión por parte del Consejo como lo requería el Art. 65

---

[4] Íd., pág. 43.
[5] Íd., págs. 58-64.
[6] Íd., págs. 1243-1246.

de la Ley Núm. 129-2020, *supra,* para que el DACo tuviese jurisdicción primaria y exclusiva sobre el pleito. Además, resaltó que la referida regla exigía que la parte reclamante demostrara no tener deudas con el Consejo, sin embargo, este último había alegado que ellos tenían un adeuda pendiente de $105,770.64 por concepto de mantenimiento. Ante ello, indicaron que de ser aplicable el referido artículo aplicaba la excepción sobre aquellos casos donde se cuestionaba la existencia de la deuda.

Evaluados los escritos de ambas partes, el 30 de octubre de 2024, el TPI emitió y notificó una *Sentencia.*[7] En primer lugar, realizó las siguientes determinaciones de hechos[8]:

1. Von Heidl Q OF 2 LLC, es una compañía de responsabilidad limitada organizada conforme las leyes del Estado Libre Asociado de Puerto Rico, con oficina designada en 53 Calle Washington, San Juan, Puerto Rico, 00907, y es titular del apartamento 2700 (que ocupa el piso 27 completo) del Condominio Carribean Sea View. Este apartamento está designado en la Escritura Matriz para uso comercial.

2. Jeremey Neil Heidl es uno de los miembros administradores que toma decisiones de la compañía Von Heidl Q OF 2, LLC, pero en ocasiones las mismas son con el consejo de su esposa.

3. El Consejo de Titualres Condominio Caribean Sea View es una entidad jurídica con capacidad legal de demandar y ser demandada.

4. El Condominio Carribean Sea View es un condominio de uso mixto residencial y comercial que está localizada en 602 Ave. Fernandez Juncos, San Juan, Puerto Rico, 00907.

5. El Condominio Carribean Sea View está sometido al régimen de propiedad horizontal.

6. Aida González Torres ha sido la administradora del Condominio Carribean Sea View desde el 2010.

7. El huracán María pasó por Puerto Rico el 20 de septiembre de 2017.

---

[7] Íd., págs. 1804-1814.
[8] El TPI realizó determinaciones de hechos en este dictamen debido a que ambas partes presentaron sus respectivas sentencias sumarias. Sin embargo, no incluimos una discusión sobre las sentencias sumarias presentadas como parte de los hechos procesales debido a que no son pertinentes a la controversia ante nos.

8. La unidad 2700 del Condominio Carribean Sea View tiene ventanas a su vuelta redonda. Este apartamento fue destrozado tras el paso del huracán María.

9. El huracán María rompió las ventanas en los cuadros lados piso 2700.

10. Las ventanas ubicadas en la unidad 2700 son elementos comunes del Condominio Caribbean Sea View y es obligación del Consejo de Titulares arreglarlas.

11. El 3 de octubre de 2019, el Consejo de Titulares firmó el contrato con Prime Solution Group.

12. El 21 de noviembre de 2019, Von Hiedl adquirió el apartamento 2700 del Condominio Sea View.
13. Cuando Von Heidl compró el apartamento 2700, estaba en vigor el contrato entre el Consejo de Titulares de Carribean Sea View y Prime Solutions Group para instalar las ventas en el apartamento 2700.

14. A comienzos de diciembre de 2019, la Junta de Directores canceló el Contrato de Prime Solutions Group.

15. Desde que el Consejo de Titulares canceló el contrato en diciembre de 2019 a Prime Solutions Group para la instalación de ventanas en el apartamento 2700, el Consejo no ha vuelto a hacer otra contratación.

16. Cuando Von Heidl adquiere el apartamento 2700, este no estaba em condiciones habitables. Se requería una remodelación interior que dependía de la reparación de las ventanas.

17. El 26 de agosto de 2020, Jeremy Heidl recibió un correo electrónico de Alan Warrick acompañado de una carta de intención relacionada al arrendamiento del apartamento 2700.

18. La única oferta recibida por Von Heidl de arrendamiento del apartamento 27 fue una carta de intención de Alan Warrick.

19. Los términos y condiciones de la carta de intención de Alan Warrick detallaba que:

a. El canon de arrendamiento sería $20,000.00 pagaderos mensualmente por adelantado por el espacio completamente renovado, a partir del 1ro de enero de 2021.
b. El arrendamiento aceptaría la propiedad en su estado completamente renovado con las mejoras que el arrendador aceptará al costo del arrendador, en o antes de la fecha de toma de posesión:

i. El arrendador completará las renovaciones acordadas para el diseño final del espacio.

ii. El arrendador reemplazará las ventanas y marcos actuales con unas ventanas y marcos resistentes a huracanes.

iii. El arrendador asistirá en negociar la pintura del edificio con la asociación de condómines.

c. El documento refleja correctamente el acuerdo entre el arrendador y el arrendatario.

20. La renta que se encuentra en la carta de intención de Alan Warrick es de $20,000.00.

21. El 26 de octubre de 2021, se convocó una asamblea extraordinaria del Consejo de Titulares para que se aprobara el diseño y materiales propuesto por Von Heidl para reparar la fechada del apartamento 2700.

22. El 3 de noviembre de 2021, el Consejo de Titulares celebró una asamblea, en la cual se aprobó el diseño y materiales para reparar la fechada del apartamento 2700.

23. Von Heidl tiene la capacidad económica y el dinero disponible para efectuar a su costo la reparación del apartamento 2700.

24. Todas las solicitudes de reembolso para gastos incurridos Von Heidl desde el 2021 las ha recibido Aida González quien se las ha pasado a la Junta de Directores. Sin embargo, aún no se han autorizado.

25. Cerca de diciembre 2021, Von Heidl pagó un depósito a Hoper Building Materiales de Shangai China por el aluminio de las ventanas, el cual luego en 2024 retiró, por lo que recibió menos de lo depositado. Desde entonces, Von Heidl no ha iniciado ningun proceso para ordenar y recibir estos materiales. Si esta orden se hubiera completado se hubiera tardado 6 meses en completarse.

26. El Presidente de la Junta de Directores del Consejo de Titulares por más de dos años ha sido el Julio Cesar Cortina.

27. El Consejo de Titulares demandó a MAPFRE por los daños causados por el hurancan María. El 10 de mayo de 2023, el Consejo de Titulares aceptó la oferta de transacción presentada por MAPFRE, en la que recibió $883,000.

28. Se realizaron dos asambleas para el Consejo de Titulares buscar alternativas para resolver el déficit y

buscar dinero adicional para gastos como las reparaciones.

29. Al 28 de agosto de 2024, Von Heidl tiene un balance adeudado de $105, 770. 64 por concepto de cuotas de mantenimiento, derramas, cuotas del seguro y/o interés y penalidades del apartamento 2700. Su cuota mensual es de $1,975.35.

30. Existe una demanda radicada por el Consejo de Titualres de Carribean Sea View v. Von Heidl Q of 2, LLC, SJ2023CV08179 de cobro de dinero.

Luego, tomando en consideración a estas determinaciones de hechos y el derecho aplicable, resolvió que lo siguiente:

Siguiendo el derecho aplicable antes discutido, la falta de jurisdicción se puede levantar en cualquier momento y la misma no es susceptible a ser subsanada. *González v. Mayagüez Resort & Casino*, supra. La jurisdicción primaria y exclusiva, ocurre cuando hay un estatuto que confiere la jurisdicción de la controversia a una agencia administrativa. *Rodriguez Rivera v. De León Otaño*, supra. En el caso de autos, esto ocurrió en el Artículo 65 de la Ley de Condominios de Puerto Rico, *supra*, la cual numera las circunstancias para que se pueda impugnar por un titular las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador y de los acuerdos del Consejo de Titulares. Además, indica expresamente que la jurisdicción será primaria y exclusiva de DACO cuando haya apartamentos de uso residencial. Por su parte, el Reglamento de Condominios Núm. 9386 indica que aquellos casos en los que no existe jurisdicción primaria y exclusiva del DACO son aquellos casos que: el condominio es de uso exclusivo comercial, las querellas son entre titulares y la reclamación levantada contra uno o varios titulares fue presentada por el Consejo de Titulares, el Director o la Junta de Directores.

Tomando como ciertos los hechos bien alegados, surge que este tribunal no tiene jurisdicción para atender el asunto en controversia, ya que la jurisdicción exclusiva y primaria corresponde al DACO. Veamos. En el caso de autos, la causa de acción de cobro de dinero emana de las omisiones del Consejo de Titulares de reembolsar el dinero invertido por Von Heidl en los elementos comunes. Por su parte, la causa de acción de daños y perjuicios emana de la omisión del Consejo de Titulares de reparar o comenzar a reparar los elementos comunes del piso 2700 que hacen de este uno inhabitable. Ambas omisiones por el Consejo de Titulares han resultado presuntamente perjudiciales para los intereses de Von Heidl. Es por esto que, es incorrecto lo alegado por Von Heidl de que este caso no trata de una impugnación y que no aplica el Artículo 65 de la Ley de Condominios, según enmendada, *supra.* Esto se

debe a que las causas de acción surgen, en efecto, de querer impugnar lo omitido por el Consejo de Titulares.

Del mismo modo, Von Heidl, haciendo referencia a la Regla 23 del Reglamento de Condominios 9386 de DACO, argumenta que cuando existen demandas incoadas por el Consejo de Titulares, la jurisdicción ya no es primaria y exclusiva del DACO. Además, cita, en su Oposición a moción solicitando desestimación, el caso de *Fuentes v. Consejo de Titulares de Condominio Chalets Sevillanos,* KLCE202300361, Sentencia del Tribunal de Apelaciones de mayo de 2023, la cual señala como ilustrativa. No obstante, los hechos del caso en *Fuentes v. Consejo de Titulares de Condominio Chalets Sevillanos*, supra, son distinguibles de los hechos dilucidándose en este caso. En el caso de autos, a pesar de que, el Consejo de Titulares ha incoado demandas anteriormente, las mismas están relacionadas al cobro de dinero por alegadas deudas de mantenimiento. Dicha reclamación no proviene de la misma causa de acción del caso de autos. Al igual, aplicar automáticamente la exclusión del Reglamento de Condominios 9386 de DACO, podría significar en que cualquier demanda incoada por el Consejo de Titulares resultaría en la perdida de jurisdicción la primaria y exclusiva de DACO, alejándose esto de la intención del legislador en la Ley de Condominios, supra. Es por estas razones que este tribunal concluye que no es de aplicabilidad la exclusión del Reglamento de Condominios 9386.

Ante esta determinación, en primer lugar, aclaró que evaluó las sentencias sumarias presentadas por las partes, pero que no admitiría una determinación en cuanto a estas ya que procedía la desestimación por falta de jurisdicción. Luego procedió a declarar Ha Lugar la solicitud de desestimación presentada por el Consejo el 29 de agosto de 2024. En consecuencia, desestimó la Demanda que presentó Von Heidl. En desacuerdo con esta determinación, el 2 de diciembre de 2024, Von Heidl presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Erró el TPI al no reconocer que según la Regla 23 del Reglamento 9386, DACO deja de tener la jurisdicción exclusiva sobre reclamaciones de un titular al Consejo de Titulares cuando el Consejo presenta reclamaciones judiciales contra el titular.**

**Erró el TPI al concluir que la jurisdicción exclusiva de DACO aplica a una reclamación en cobro de dinero donde no se impugna acto u omisión alguna del consejo.**

Atendido el recurso, el 4 diciembre de 2024 emitimos una *Resolución* concediéndole a la parte apelada hasta el 26 de diciembre de 2024 para presentar su alegato en oposición. Oportunamente, el Consejo presentó *Alegato de la Parte Apelada* y negó que el TPI cometiera los errores que Von Heidl le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

## II.

### -A-

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula un demandado solicitando que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). En lo pertinente, la referida Regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) **Falta de jurisdicción sobre la materia;** (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4)Insuficiencia del diligenciamiento del emplazamiento; (5) Dejar de exponer una reclamación que justifique la concesión de un remedio; (6) Dejar de acumular una parte indispensable. (Énfasis suplido) Íd.

Ahora bien, la jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). Para que el tribunal pueda atender y adjudicar un caso debe tener tanto jurisdicción sobre la materia como jurisdicción sobre las partes litigiosas. *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). La jurisdicción sobre la materia se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal. Íd. Cuando no

hay jurisdicción sobre la materia, el tribunal carece de autoridad y poder para entender en el asunto. Íd.

En *Shell v. Srio. Hacienda*, supra, pág. 122, nuestro Máximo Foro citando a *Aguadilla Paint Center v. Esso*, 183 DPR 901 (2011), reiteró la pauta sobre las circunstancias inexorablemente fatales que conlleva la falta de jurisdicción sobre la materia, estas son: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgar al tribunal jurisdicción sobre la materia ni puede el tribunal abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) los tribunales tienen el ineludible deber de auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso, y (6) un planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualesquiera de las partes o por el tribunal *motu proprio*.

**-B-**

La doctrina de jurisdicción primaria es parte de las normas de autolimitación reconocidas en nuestro ordenamiento jurídico. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 102 (2020). Dicha doctrina delimita cual foro, a saber, el administrativo o el judicial, posee la faculta inicial de adjudicar y atender un asunto en particular. Íd. Así pues, la jurisdicción primaria no tiene que ver con el momento o la ocasión de la revisión judicial de la acción administrativa, sino con el foro que atenderá la controversia en primera instancia. Íd.

Ahora bien, la doctrina de jurisdicción primaria tiene dos vertientes, a saber: (1) la jurisdicción primaria exclusiva o estatutaria; y (2) la jurisdicción primaria concurrente. Íd. La vertiente de jurisdicción primaria exclusiva aplica cuando la ley habilitadora de la agencia dispone expresamente que es la agencia quien tiene facultad para resolver la controversia en primera instancia. Íd., pág.103.   En

cambio, la vertiente de jurisdicción primaria concurrente se manifiesta cuando el foro judicial y el administrativo comparten la facultad para atender un mismo asunto. *Rodríguez Rivera v. De León Otano,* supra, pág. 710.

**-C-**

La Ley Núm. 104 de 25 de junio de 1958, según enmendada, mejor conocida como *Ley de Condominios* preceptuaba todo lo relativo al régimen de propiedad horizontal. Sin embargo, esta fue derogada por la Ley Núm. 129-2020, *supra,* aplicable al presente caso. Dicha Ley se creó con el fin de establecer un régimen jurídico atemperado a los cambios sociológicos que ha experimentado nuestro país y para facilitar la vida en convivencia. Exposición de Motivos, Ley Núm. 129-2020, *supra.*

En lo pertinente al caso de autos, por virtud del Art. 65 de la referida ley, 31 LPRA sec. 1923j, se le faculta al DACo para adjudicar querellas relacionadas con acciones de impugnación que se presenten por los titulares de un condominio con al menos un apartamento de uso residencial en contra del Consejo de Titulares. Particularmente, el artículo antes descrito dispone lo siguiente:

> Las **acciones u omisiones** de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del **Consejo de Titulares** podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> **b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;**
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los**

**titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor**, así como cualquier reclamación presentada en contra del agente administrador. (Énfasis suplido).

[...]

De igual forma, la Regla 23 del Reglamento de Condominios Núm. 9386 del DACo, que se aprobó el 6 de junio de 2022, discute la jurisdicción de dicha agencia en cuanto a la adjudicación de querellas que presentan los titulares de un condominio impugnando las acciones u omisiones del Consejo de Titulares. En lo pertinente, lee como sigue:

[...]

El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. Igualmente **quedarán excluidas de la jurisdicción del DACo, las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio.** La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia. (Énfasis suplido).

III.

En el recurso de epígrafe, la parte apelante solicitó la revocación de la *Sentencia* que el TPI emitió y notificó el 30 de octubre de 2024 declarando Ha Lugar la solicitud de desestimación de la parte apelada y, en consecuencia, desestimando la Demanda presentada por falta de jurisdicción sobre la materia. Particularmente, la parte apelante en su primer señalamiento de error argumentó que el TPI erró al no reconocer que según la Regla 23 del Reglamento Núm. 9386, el DACo dejaba de tener la jurisdicción exclusiva sobre reclamaciones de un titular cuando el Consejo había presentado reclamaciones judiciales en contra de ese titular. Por otro lado, en su segundo señalamiento de error

indicó que el TPI erró al determinar que la jurisdicción exclusiva del DACo aplicaba en una reclamación de cobro de dinero donde no se impugnaba acto u omisión alguna del Consejo. No le asiste la razón. *Veamos.*

En su primer señalamiento de error, el apelante argumentó que el DACo no tenía jurisdicción primaria y exclusiva para atender la presente controversia ya que el Consejo de Titulares había presentado varias reclamaciones judiciales en su contra. Para sostener su argumento, indicó que la Regla 23 del Reglamento Núm. 9386, *supra*, establecía que quedarían excluidas de la jurisdicción del DACo las reclamaciones que presentaran el Consejo en contra de un titular. Si bien es cierto que el Consejo presentó otras reclamaciones en contra de Von Heidl en los casos civiles SJ2022CV09748 y SJ2023CV08179, estas no provienen de la controversia de autos, sino que están relacionadas al cobro de dinero por presuntas deudas de cuotas de mantenimiento por parte del apelante. Como es sabido, en el presente caso, Von Heidl, titular del Condominio Sea View, presentó una reclamación en contra del Consejo y esta no tiene que ver con las cuotas de mantenimiento. De este modo, el presente caso es uno aparte a los antes citados por lo que no aplica la exclusión de la referida regla. En vista de ello, el primer señalamiento de error **no** se cometió.

Resuelto lo anterior, procedemos a evaluar si el DACo tiene jurisdicción primara y exclusiva para atender la presente controversia según dispone el Art. 65 de la Ley Núm. 129-2020, *supra*. Conforme al derecho que antecede, **el DACo tendrá jurisdicción primaria y exclusiva** para atender las impugnaciones que presenten los titulares en contra **del Consejo de Titulares** por sus actuaciones u **omisiones** que les resulten gravemente perjudicial a sus intereses. Art. 65 de la Ley Núm. 129-2020, *supra.* De igual forma, cabe precisar que, para que la

jurisdicción sea primaria y exclusiva del DACo, el titular que reclama tiene que ser dueño de un apartamento en un condominio con al menos un apartamento de uso residencial. Íd.

En el caso de autos, Von Heidl presentó una causa de acción de cobro de dinero y daños y perjuicios en contra del Consejo de Titulares del Condominio Sea View. Dicho Condominio es de uso mixto, es decir, se compone de algunos inmuebles de uso residencial y otros de uso comercial. Particularmente, según alega Von Heidl en su Demanda, el origen de sus causas de acción es la siguiente:

> Este pleito tiene como propósito recobrar del Consejo de Titulares del Condominio Carribean Sea View los gastos que ha incurrido, y los que habrá de incurrir la parte demandante en reparar los elementos comunales por los cuales el Consejo de Titulares es responsable, e igual reclamar **los daños ocasionados por el Consejo por su <u>inacción</u>** en reparar los elementos comunales o permitir al demandante arreglarlos para mitigar sus daños. (Énfasis y subrayado suplido).

Resulta evidente del texto antes expuesto y de un estudio detenido de la Demanda y sus alegaciones que la acción de cobro de dinero presentada por Von Heidl proviene **de la omisión** por parte del Consejo en reembolsarle el dinero que invirtió en la reparación de las ventanas y otras áreas estructurales comunales en el piso 27. Además, la propia parte apelante admite que su acción de daños y perjuicios emana **de la inacción** del Consejo en reparar los elementos comunales y provocar que el piso adquirido fuese inhabitable. No cabe duda de que ambas omisiones por parte del Consejo fueron gravemente perjudiciales a los intereses de Von Heidl y es por ello que presentaron su reclamación en contra del Consejo. Dicho lo anterior, concluimos que el Art. 65 de la Ley Núm. 129-2020, *supra* es aplicable al presente caso y, por ende, la jurisdicción primara y exclusiva para atender la presente controversia le corresponde a el DACo. Así pues, el segundo señalamiento de error **no** se cometió.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones